[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this summary process action, the defendant has moved to dismiss the action; she claims that the current complaint is not, and in the circumstances, can not, be premised upon a valid notice to quit and subject matter jurisdiction is therefore lacking.
The facts are simple. A prior notice to quit was served, and a prior action based on that notice to quit was filed. SeeAmresco Residential Services v. Rhonda Jones, SPH 95290. The action was withdrawn on or about January 5, 1998. Without filing a new notice to quit, the plaintiff instituted the instant complaint, which refers to the prior notice to quit. The defendant claims that pursuant to East Hartford Housing Authorityv. Hird, 13 Conn. App. 150 (1988), the unconditional withdrawal of the prior complaint had the necessary effect of nullifying the notice to quit on which the complaint was based, and, therefore, a new notice to quit was required if another action was to be brought. The plaintiff seeks to distinguish Hird, and cites authority to the effect that a notice to quit is an independent entity, not incorporated into the subsequent complaint, and thus can stand alone after a complaint has been withdrawn. CT Page 4064
Were this matter presented on a tabula rasa, policy arguments and analogies to precedent may be made with a degree of persuasion as to both sides. The language of Hird is, however, clear and unambiguous, and this court is of course bound by appellate authority.
 The withdrawal of the summary process action . . . effectively erased the court slate clean as though the eviction predicated on the [prior] notice to quit possession had never been commenced. The plaintiff and the defendant were "back to square one," and the continuation of their lease of January 9, 1981, was restored. Hird, supra, 157.
It is indeed true that dicta as to a different point raised inHird has been specifically negated in Bridgeport v. Barbour-DanielsElectronics, Inc., 16 Conn. App. 574, 581 n. 7 (1988); the suggestion in Hird that a nonpayment action can be based on nonpayment of use and occupancy payments, as opposed to rent, was specifically discountenanced in Barbour-Daniels. The holding as to the effect of a withdrawal has not been reversed, to this court's knowledge, and was cited in Judge, now Justice, Borden's dissent in Barbour-Daniels. Id. at 595 n. 5.[1] Maintaining the precedent has the additional salutary aspects of promoting bright line rules; and, most of the time, there is little prejudice to landlords as most defects in complaints do not require withdrawal, but rather are amendable. Even when a new notice to quit is required, the time lost, though significant, is not overwhelming.
On the facts of this case, then, where the effect of the withdrawal could be ambiguous, the court will follow the precedent of Hird.[2] The motion to dismiss is granted.
Beach, J.